**Boris VAYS and Praskovya Vays, Plaintiffs,**

v.

**RYDER TRUCK RENTAL INC. and Hector M. Caban, Defendants.**

**No. 01 CIV.7494(RMB).**

United States District Court, S.D. New York.

Dec. 17, 2002.

---

6. As of December 8, 2002 Plaintiff's attorneys' fees were $246,042.53. See Letter from Kenneth W. Taber, dated December 10, 2002.

Shoshana T. Bookson, Shandell, Blitz, Blitz, Bookson, & Kern, LLP, New York City, for plaintiff.

John P. Connors, Connors & Connors, PC, Staten Island, NY, for defendant.

## ORDER

BERMAN, District Judge.

### I. Background

On August 21, 2002, Boris and Praskovya Vays ("Plaintiffs"), filed a complaint ("Complaint") against Ryder Truck Rental Inc. ("Ryder") and Hector M. Caban ("Caban") (collectively, "Defendants") in the Supreme Court of the State of New York, New York County. On September 16, 2002, Defendants removed this case to Federal Court on the basis of diversity of citizenship.[1] On November 6, 2002, Plaintiffs filed the instant motion ("Plaintiffs' Motion") to remand the action back to state court, asserting that there is incomplete diversity because, among other things, "it transacts substantial business within [New York]." Plaintiffs' Motion at 7. On December 13, 2002, Defendants opposed Plaintiffs' Motion ("Defendants' Opposition").

For the reasons set forth below, the Court denies Plaintiffs' Motion to remand.

### II. Analysis

■ "When a party removes a state court action to the federal court on the basis of diversity of citizenship, and the party seeking remand challenges the jurisdictional predicate for removal, the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof." *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir.1979). The federal diversity statute, 28 U.S.C. § 1332, provides that:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-

(1) citizens of different States...

28 U.S.C. § 1332(a). With regard to corporations, 28 U.S.C. § 1332(c)(1) states that:

[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business ...

28 U.S.C. § 1332(c)(1).

■ Ryder is a Florida corporation. And, it "maintains its corporate headquarters in Florida and Florida is its principal place of business." Affidavit of Jeffrey A. Weissman, dated December 13, 2002, Ex. A to Defendants' Opposition. The diversity requirements are met. ("The 'nerve center' test places the principal place of business at the location of the company's

---

1. Neither party disputes that the amount in controversy exceeds $75,000. Although diversity is disputed, the Court finds that Plaintiffs are residents of New York, Defendant Caban is a resident of Pennsylvania, and De- fendant Ryder is incorporated and, as discussed above, has its principal place of business in Florida. *See* Notice of Removal dated Sept. 16, 2002.

headquarters." *Forrester v. Supermarket General Corp.*, No. 92 Civ. 1265, 1992 WL 316146, at *1 (S.D.N.Y. Oct.19, 1992)). *See also Yeung v. Ryder Truck Rental, Inc.*, No. 93 Civ. 6232, 1995 WL 214512, at *1 (S.D.N.Y. Apr.11, 1995) ("Defendant Ryder Truck Rental, Inc. is incorporated in Florida and maintains its corporate headquarters in Miami, Florida.").

Plaintiffs (unpersuasively) argue there is no diversity. Ryder is a "New York resident for purposes of jurisdiction," according to Plaintiffs, because it "accepts service through the Secretary of State of New York State and maintains numerous offices in [New York] and transacts substantial business within [New York]." Plaintiffs' Motion at 6–7. 28 U.S.C. § 1332 "does not focus on the principal place where the business underlying the subject matter of the dispute is conducted. Rather it focuses on the corporation's principal place of business." *In re Balfour MacLaine Intern. Ltd*, 85 F.3d 68, 76 (2d Cir.1996). *See also American National Fire Ins. Co. v. Mirasco, Inc.*, 2000 WL 1368009, at *4 (S.D.N.Y. Sept.20, 2000)("A corporation may have only one primary place of business for diversity purposes. Therefore, it is not sufficient to allege that a corporation is licensed to do business in a state, or that it does business in a state.") (internal citations omitted).

### III. Conclusion and Order

For the reasons stated above, the Court has subject matter jurisdiction over this case and denies Plaintiffs' Motion to remand this action to state court. The parties are directed to participate in a status/settlement conference on Tuesday, January 21, 2003 at 11:30 a.m., in Courtroom 706 of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York. **The parties are directed to engage in good faith settlement negotiations prior to the conference.**